Argued and submitted March 17,
reversed and remanded June 30, 1980

STATE OF OREGON,
*Respondent,*
*v.*
CONNIE LYNN RUBERT,
*Appellant.*

(No. C 79-03-30684, CA 14980)

612 P2d 771

Howard Clyman, West Linn, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals her conviction for possession of amphetamines, contending that the drugs were seized pursuant to an unlawful search. We agree and reverse.

On February 24, 1979, officers from the Portland Police Bureau and deputy sheriffs from Wasco County, working undercover, arranged to purchase five ounces of cocaine from three individuals. The sellers told the undercover officers to wait at 39th and Holgate in Portland, while the sellers went to pick up an ounce of cocaine. The transaction was to be divided into five separate deliveries of cocaine in one-ounce packages. The police gave the sellers $2245, the price of one ounce, and the sellers left, saying they were going to pick up the drug from a place in the vicinity of 112th and Holgate. The sellers returned 30 to 45 minutes later with an ounce of cocaine. The police then arrested the sellers.

One of the sellers turned informant and proposed a deal to the police officers. He offered to retrieve the money, help the police seize the remaining four ounces, or help the police arrest the individual who sold the drug. The informant told the police he had obtained the cocaine at a house on the west side of 113th Street, about halfway between Holgate and Powell and that there was a small sports car in the driveway. He said that this defendant, her young daughter and a man, Larry McMurphy, were in the house. The informant also told the police that there was at least one gun in the house. In exchange for the information, the police agreed not to arrest the informant.

The informant did not accompany the police to 113th Street. The police reached the area about an hour and a half after they had received the cocaine. They saw only one house between Holgate and Powell that had a small sports car in its driveway. The house was on the west side of 113th Street and about halfway

between Holgate and Powell. The police went to the house for the specific purpose of arresting this defendant and Larry McMurphy.

One of the officers knocked at the front door of the house. When the door was opened he drew his service weapon, identified himself as a police officer and immediately entered the residence. Present in the living room of the house were the defendant and Larry McMurphy. Two other officers followed and searched other rooms of the house for additional persons. In one of the bedrooms one of the officers saw amphetamines in an open drawer of a jewelry box atop a dresser.

We conclude that neither probable cause nor exigent circumstances were present to justify this warrantless entry to arrest or to search.

## Probable Cause

The police found a house that matched the description they were given, but they could not with reasonable assurance identify this house as the one the informant intended. There is no evidence in the record of the color, size, shape or street number of the house. More than one house could be said to sit "about halfway" along the west side of 113th Street between Holgate and Powell. The only distinguishing feature of this house was that "a small sports car" stood in the driveway. There is nothing in the record to indicate that the police had information as to the make, model, color, license number or other identifying feature of the car. The description "small sports car" could include any of a wide variety of vehicles. Additionally, cars are capable of easy and frequent movement. The elapsed hour and a half from the time that the informant was at the house to the time that the police arrived could easily permit removal of the vehicle the informant saw and/or arrival of another "small sports car" at the house visited by the informant or at a nearby house. Any house about halfway between Holgate and Powell could have had a small sports car in its drive-

[846]

way when the police arrived and the police would have no way of knowing whether it was the house the informant visited. After passage of an hour and a half, the police did not have probable cause to believe that the house they found, fitting the loose description given by the informant, was in fact the house the informant had earlier visited.

## Exigent Circumstances

The underlying theory by which it is determined that exigent circumstances are present is "practical necessity." *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979).

At the suppression hearing one of the officers testified that the police had proceeded without a warrant because in the time it would take to get a warrant, the suspects could be gone from the house. The officer did not explain why the departure was expected within that time or why the suspects could not be intercepted if they tried to leave, given the officer's stated intent to arrest the defendant and Larry McMurphy. The sellers, after delivering the first ounce of cocaine to the police, were expected by the police to return to purchase additional amounts, but there is no evidence in the record that the persons in the house agreed to sell any additional amounts, that those in the house and those who sold the cocaine to the police had agreed upon any schedule of delivery or payment, or that those in the house were likely to become alarmed should a certain amount of time pass. Nor was there any evidence that those in the house were aware that the arrests had been made.

The officers offered no estimate regarding the length of time necessary for them to obtain a warrant. They did not seek one, either by written affidavit or by oral statement. ORS 133.545(4). Without any evidence of the length of time necessary to obtain a warrant or any explanation for not trying to obtain a warrant, we will not assume the officers could not obtain one within a reasonable time.

The entry into the house to effect arrests, made without probable cause and in the absence of exigent circumstances, was improper. *Payton v. New York,* 445 US 573, 100 S Ct 1371, 63 L Ed 2d 639 (1980). The amphetamines found as a result of the illegal entry and search should have been suppressed.

Reversed and remanded.